# EXHIBIT A
*State Court Pleadings*

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF ANDERSON | ) | |
| MICHELLE ROGERS | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2015-CP - 04- 01556 |
| vs. | ) | |
| DELTA POWER EQUIPMENT CORPORATION | ) | |
| Defendant(s) | ) | |

Submitted By: John P. Mann, Jr.
Address: Mann Law Firm P.A. 512 E North St Greenville
SC 29601

SC Bar #: 3624
Telephone #: (864) 243-8358
Fax #: (864) 233-5088
Other:
E-mail: jpm@mannlaw.org

**A TRUE COPY**
**JUN 29 2015**
CLERK OF COURT

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-NI-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _[signature]_    **Date:** June 24, 2015

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (10/2014)                                                           Page 1 of 2

STATE OF SOUTH CAROLINA            )          IN THE COURT OF COMMON PLEAS
                                   )
COUNTY OF ANDERSON                 )
                                   )
Michelle Rogers,                   )
                                   )
         Plaintiff,                )
                                   )          SUMMONS
vs.                                )
                                   )          (Jury Trial Demanded)
Delta Power Equipment Corporation, )
                                   )          C.A. No. 2015-CP-04- 01556
         Defendant.                )
_____)

**A TRUE COPY**
JUN 29 2015
CLERK OF COURT

**TO: The Defendant Above Named**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on subscriber hereto at his office at 512 E. North Street, Greenville, South Carolina 29601, within thirty (30) days after service hereof, exclusive of the day of such service; except that the United States of America, if named, shall have sixty (60) days to answer after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time frame aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

June 24, 2015

John P. Mann, Jr. (#3624)
MANN LAW FIRM, P.A.
512 E. North St.
Greenville, SC 29601
Telephone: (864) 243-8358
Facsimile: (864) 233-5088
Email: jpm@mannlaw.org
Attorney for Plaintiff

STATE OF SOUTH CAROLINA        )
                               )   IN THE COURT OF COMMON PLEAS
COUNTY OF ANDERSON             )

Michelle Rogers,               )
                               )
        Plaintiff,             )
                               )   COMPLAINT
vs.                            )
                               )   (Jury Trial Demanded)
Delta Power Equipment Corporation, )
                               )   C.A. No. 2015-CP-04- 01556
        Defendant.             )
                               )

A TRUE COPY
JUN 2 9 2015
CLERK OF COURT

Plaintiff, complaining of Defendant, respectfully shows unto the Court as follows:

1. Plaintiff is a citizen and resident of Oconee County, South Carolina.

2. Defendant, Delta Power Equipment Corporation (Delta) is, upon information and belief, a corporation organized under the laws of one of the States of the United States with an office and agents in Anderson County, South Carolina and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 (a).

3. Plaintiff Rogers performed work for Delta within the jurisdiction of this Court. Plaintiff Rogers files this Complaint and thereby commences this action within ninety (90) days of her receipt of a statutory notice of her right to sue from the Equal Employment Opportunity Commission ("EEOC"). Rogers has thus satisfied the statutory condition precedent set forth in Title VII for filing her Title VII claim with this Court.

4. Plaintiff was hired by Defendant in August, 2011.

5. Plaintiff left her employment on October 9, 2013, due to a sexually hostile work environment based on her sex, female, for which she sought medical treatment.

6. Plaintiff was sexually harassed by Defendant's Plant Manager, Darryl Collins (Collins). Collins' harassment of Plaintiff was severe and pervasive.

7. Delta employees got a pay raise in approximately June 2013 which averaged about 25 cents per hour. Ms. Rogers was given a pay raise of $1.00 per hour. Collins told Ms. Rogers "You owe me for that".

8. While Delta's warehouse normally opened at 8 am, Collins transferred Ms. Rogers to the warehouse and instructed her to arrive at 6 am. Collins supervised the warehouse until the warehouse manager arrived at 7 am. This left Collins and Ms. Rogers in the warehouse alone for one hour every morning. Collins spent the entire hour sexually harassing Ms. Rogers, trying to touch her and attempting to kiss her. Ms. Rogers resisted the advances.

9. During the summer of 2013, Collins asked Ms. Rogers to leave work early on several occasions to accompany him to a bar for drinks. Since Collins was in charge of time records, she was still paid for this time. Collins had apparently learned that Ms. Rogers had broken up with her boyfriend around that time and he saw this as an opportunity. While the harassment was more severe during that time, there were other instances of harassment prior to that.

10. Ms. Rogers wanted to take a Monday off in August, 2012. Collins told Ms. Rogers she could take the day off if she sent him a text with a picture of her in a bikini. Ms. Rogers complied and was given the day off.

11. When Rogers went into Collins' office, he frequently slapped her on her bottom and asked her for "oral sex". Ms. Rogers emphatically declined the requests and made it clear to Collins that his advances were unwelcome.

12. As a result of Ms. Rogers repeated rejections of Collins' sexual advances, she was transferred by Collins to the "Paint Line" in September. The Paint Line is the least desirable job at the company, in part because of the extreme heat. Collins would frequently walk by and laugh when he saw Ms. Rogers dirty and perspiring from working on the line. Collins sent Ms. Rogers a text clearly indicating that she would not have to work on the paint line if she would give in to his sexual demands.

13. On Tuesday, October 8, 2013, Collins yelled at Ms. Rogers due to a production shortfall. Ms. Rogers explained that the production was short because Collins had transferred a worker away from the work area and that the material handler was absent. When Ms. Rogers arrived at work the next day, Collins again berated her in front of her co-workers. Ms. Rogers suffered an anxiety attack as a result and went to the restroom. She informed Collins that she had to leave due to the anxiety attack. Ms. Rogers left the plant and immediately sought medical treatment.

14. Collins was the highest ranking manager at the company and handled all personnel matters. The company's headquarters are in Taiwan. Defendant is vicariously liable for Collins' sexual harassment of Ms. Rogers.

15. As a direct and proximate result of Defendant's conduct, Ms. Rogers is suffering from severe emotional distress, anxiety, fear of working with men, frequent nightmares, and headaches, among other conditions. She has been prescribed medication by her doctor as a result. Her mental and emotional problems are the result of the harassment set forth above. Ms. Rogers has also suffered lost wages and benefits.

## I.     FOR A FIRST CAUSE OF ACTION

### (Title VII – SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT)

16. Paragraphs one through fifteen, to the extent they are consistent herewith, are incorporated herein by reference.

17. By subjecting Plaintiff to severe and pervasive sexual harassment which altered the plaintiff's conditions of employment and created an abusive work environment, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a).

18. Defendant's acts were willful and in conscious disregard of Plaintiff's rights.

## II.     FOR A SECOND CAUSE OF ACTION

### (Title VII-SEXUAL HARASSMENT/QUID PRO QUO)

19. Paragraphs one through eighteen, to the extent they are consistent herewith, are incorporated herein by reference.

20. By conditioning Plaintiff's job assignments, pay rate, and leave on her willingness to give in to Defendant's sexual demands, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a).

21. Defendant's acts were willful and in conscious disregard of Plaintiff's rights.

### III.     FOR A THIRD CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

22. Paragraphs one through twenty-one, to the extent they are consistent herewith, are incorporated herein by reference.

23. Defendant intentionally engaged in conduct which was extreme and outrageous and which was certain to cause emotional distress to Ms. Rogers and did in fact cause distress to Ms. Rogers.

24. Defendant knew or reasonably should have known that its conduct would cause Plaintiff to suffer emotional distress.

25. Plaintiff has in fact suffered and continues to suffer emotional distress as a result of Defendant's wrongful conduct.

26. Plaintiff is entitled to recover both actual and punitive damages against Defendant, as well as attorneys' fees, for the emotional distress Defendant has inflicted upon her in an amount to be determined by the enlightened conscience of an impartial jury.

WHEREFORE, Plaintiff prays for judgment against Defendant in the following particulars, to wit:

a. That Plaintiff have and recover appropriate back pay, including reimbursement for lost salary, incentive compensation, pension, social security, retirement contribution, severance pay and other benefits in an amount to be shown at trial;

b. That Plaintiff have and recover an award of prejudgment interest on any award of back pay made by the jury in this case;

c. That the Court order the Defendant to reinstate Plaintiff, or to award Plaintiff front pay and benefits until such time as Plaintiff is so reinstated, or until the date of her projected normal retirement;

d. That the Court grant Plaintiff an award of punitive damages against Defendant to punish the Defendant or to deter it from repeating its conduct in such an amount as the jury, in its enlightened conscience, determines to be appropriate;

e. That the Court retain jurisdiction of this action to assure full compliance with the orders of this Court and with applicable law and require Defendant to file such reports as the Court deems necessary to evaluate such compliance;

f. That the Court grant Plaintiff her attorney's fees, costs and disbursements; and

g. That Plaintiff have and recover an award of compensatory damages against Defendant for the emotional pain and distress occasioned by the Defendant's conduct;

    h. That the Court grant such additional relief as may be just and appropriate under the circumstances of this case.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues to which the right to a trial by jury is afforded.

June 24, 2015

John P. Mann, Jr. (#3624)
MANN LAW FIRM, P.A.
512 E North Street
Greenville, SC 29601
(864) 243-8358
jpm@mannlaw.org
Attorney for Plaintiff